FILED
OCT - 8 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Hampton, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-1226 (UNA) |
| ) | |
| District of Columbia Government, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A, which requires the Court to screen and dismiss a prisoner's complaint upon a determination that it fails to state a claim upon which relief may be granted.

Plaintiff is a prisoner at the United States Penitentiary in Lewisburg, Pennyslvania. He purports to sue "state officials" under 42 U.S.C. § 1983 but names only the District of Columbia Government as the defendant. *See* Compl. Caption; Compl. at 2. Plaintiff invokes the Fifth Amendment to the Constitution and states that he has "the right to confront my accuser." Compl. at 4. He appears to allege that he was "forced to take [an Alford] plea" for a rape charge in 1988, *id.*, even though "the Government never produced the alleged victims [and] any of the required evidence needed to show and prove rape." *Id.*; *see Corley v. U.S. Parole Comm'n*, 709 F. Supp. 2d 1, 3 n.3 (D.D.C. 2009), citing *North Carolina v. Alford*, 400 U.S. 25 (1970)) ("An *Alford* plea is one where the defendant enters a guilty plea while maintaining his innocence."). Plaintiff

1

seeks $500 million in money damages, declaratory relief, and injunctive relief in the form of his "immediate release." *Id.* at 3.

Since plaintiff has not sued an individual, he has stated no claim under section 1983, which, by its terms, authorizes a private cause of action to be brought against "[e]very person" who violates an individual's constitutional rights while acting "under color of . . . State . . . or [] District of Columbia" law. 42 U.S.C. § 1983; *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (In a section 1983 lawsuit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Even if plaintiff had named a government official, his claim for money damages would be foreclosed since he has not indicated that his conviction has been invalidated via a writ of habeas corpus or some other recognized authority. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding "that, in order to recover damages for [an] alleged[] unconstitutional conviction or imprisonment . . ., plaintiff must prove that the [judgment] has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

Furthermore, plaintiff's claims for equitable relief are foreclosed since "it is well-settled that a prisoner seeking relief from his conviction or sentence may not bring [an action for injunctive and declaratory relief]." *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam), citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 808-10 (D.C. Cir. 1988)) (en banc). Hence, this action will be dismissed for failure to

state a claim upon which relief can be granted. A separate order accompanies this Memorandum Opinion.

Date: October 7, 2014                     _____
                                          United States District Judge